

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHERRY BERARD,                                CASE NO: 98-8823-CIV-LENARD

    Plaintiff,

vs.

PARK AVENUE BBQ AND GRILLE
OF LAKE PARK, INC., CHRISTOPHER
WALTERS, individually, and JOHN
ERNST, individually,

    Defendants.
_____/

## ANSWER TO COMPLAINT

COME NOW Defendants, PARK AVENUE BBQ AND GRILLE OF LAKE PARK, INC., CHRISTOPHER WALTERS, individually, and JOHN ERNST, individually, by and through their undersigned attorneys, and file this, their Answer to the Complaint filed herein and would state as follows:

1. The allegations of paragraphs 1-7 and 34 are admitted.

2. Defendants are without knowledge and, therefore, deny the allegations contained in paragraphs 11, 12, 38 and 46.

3. Defendants deny the allegations contained in paragraphs 8 through 10, 13 through 31, 33, 36, 39 through 44, 47 through 51, 53 through 59, and 61 through 64.

1



4. Defendants reallege and reincorporate their answers given to those paragraphs referenced in paragraphs 32, 37, 45, 52 and 60 of the Complaint.

5. This action has been removed to the United States District Court for the Southern District of Florida. Therefore, the allegations contained in paragraph 35, as drafted, are not applicable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendants move that Plaintiff's action be dismissed.

### SECOND AFFIRMATIVE DEFENSE

To the extent the claims alleged in the Plaintiff's Complaint are broader than the allegations of her Charge of Discrimination with the EEOC, such claims are untimely in that they were not contained in a Charge of Discrimination filed with the EEOC within 180 days after the alleged employment practice occurred, and the Defendants plead untimeliness as a bar of such claims.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff has failed to properly mitigate any alleged damages claimed in this action. Accordingly, Plaintiff is not entitled to any damages, or any amount claimed by Plaintiff must be offset by Plaintiff's failure to mitigate her damages.

### FOURTH AFFIRMATIVE DEFENSE

Any and all conduct described in the allegations of Plaintiff's complaint was consensual between the Plaintiff and Defendants. To the extent any of the allegations contained in Plaintiff's Complaint are accurate, which accusations Defendants vehemently deny, Plaintiff was a willing participant in such conduct. Accordingly, Plaintiff is now estopped from raising the claims she now brings in her Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Because Plaintiff was a willing participant in the consensual conduct described in her Complaint, Plaintiff is barred by the doctrine of unclean hands from asserting the allegations raised in her Complaint.

### SIXTH AFFIRMATIVE DEFENSE

The decision made by Defendant, PARK AVENUE BBQ AND GRILLE OF LAKE PARK, INC., to terminate the employment of the Plaintiff was taken for legitimate, non-discriminatory business reasons.

### SEVENTH AFFIRMATIVE DEFENSE

At the time of the incidents alleged in the Complaint, the Plaintiff failed to use reasonable care and acted negligently in that Plaintiff instigated, participated in and consented to the alleged incidents described in the Complaint. The negligence of Plaintiff was the sole proximate cause of the incidents and resulting damages. In the alternative, the negligence of Plaintiff contributed to the causation of the alleged incidents and damages. Any recovery by Plaintiff must be reduced in proportion to her own negligence.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Plaintiff had the opportunity to report the actions alleged in her Complaint to her supervisors, but failed to do so. Plaintiff's failure to report the alleged incidents or otherwise notify her employer of the alleged incidents constitutes negligence. This negligence was the sole proximate cause of the alleged incidents and resulting damages, if any. In the alternative, the negligence of Plaintiff contributed to the causation of the alleged incidents and damages. Any recovery by Plaintiff must be reduced in proportion to her own negligence.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail to: Frederick W. Ford, Esq., 900 East Indiantown Road, Suite 216, Jupiter, FL 33477, this _30_ day of November, 1998.

> JONES, FOSTER, JOHNSTON &
> STUBBS, P.A.
> Attorneys for Defendants
> 505 South Flagler Drive, Ste. 1100
> P.O. Box 3475
> West Palm Beach, FL 33402-3475
> (407) 659-3000
>
> By: _____
> Margaret L. Cooper, Esq.
> Florida Bar No: 217948

mlc/17760-2/answer.1